# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JEFF BRADY,<br><br>        Plaintiff,<br><br>vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; TRUEBLUE, INC. PLAN; and TRUEBLUE, INC.,<br><br>        Defendants. | No. 3:18-cv-05077-BHS<br><br>DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendants TrueBlue, Inc. Plan and TrueBlue, Inc. (collectively "the TrueBlue Defendants") answer Plaintiff's Complaint as follows:

## 1. INTRODUCTION

1.1. Answering paragraph 1.1 of Plaintiff's Complaint, the TrueBlue Defendants admit the allegations contained therein.

1.2. Answering paragraph 1.2 of Plaintiff's Complaint, the TrueBlue Defendants lack sufficient information to admit or deny the allegations in sentence one of paragraph 1.2 and, therefore, deny the same. The TrueBlue Defendants deny the allegations of sentences two and three of paragraph 1.2.

## 2. JURISDICTION AND VENUE

2.1. Answering paragraph 2.1 of Plaintiff's complaint, the TrueBlue

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 1
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Defendants admit the allegations contained therein.

2.2. Answering paragraph 2.2 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

### 3. PARTIES

3.1. Answering paragraph 3.1 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

3.2. Answering paragraph 3.2 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

3.3. Answering paragraph 3.3 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

3.4. Answering paragraph 3.4 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

### 4. FACTUAL ALLEGATIONS

4.1. Answering paragraph 4.1 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.2. Answering paragraph 4.2 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.3. Answering paragraph 4.3 of Plaintiff's complaint, the TrueBlue Defendants admit that TrueBlue, Inc. is an "employer" as defined by 29 U.S.C. § 1002(5). The TrueBlue Defendants further answer that TrueBlue, Inc. is the parent corporation of PeopleReady, a TrueBlue company, which offers specialized staffing. PeopleReady previously operated as Labor Ready, Inc. PeopleReady now combines Labor Ready, CLP Resources, and Spartan Staffing. Except as so admitted, the TrueBlue Defendants deny any remaining allegations of this paragraph.

4.4. Answering paragraph 4.4 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 2
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4.5. Answering paragraph 4.5 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.6. Answering paragraph 4.6 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.7. Answering paragraph 4.7 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.8. Answering paragraph 4.8 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.9. Answering paragraph 4.9 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.10. Answering paragraph 4.10 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.11. Answering paragraph 4.11 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.12. Answering paragraph 4.12 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.13. Answering paragraph 4.13 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.14. Answering paragraph 4.14 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.15. Answering paragraph 4.15 of Plaintiff's complaint, the TrueBlue Defendants answer that TrueBlue, Inc. is the parent corporation that supports operations for all of its brands such as PeopleReady, Staff Management, SMX, etc. PeopleReady offers specialized staffing including temporary labor. PeopleReady previously operated as Labor Ready, Inc. and now combines Labor Ready, CLP Resources, and Spartan Staffing. The TrueBlue Defendants further admit that the TrueBlue, Inc. webpage at

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 3
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

https://www.trueblue.com/about/our-story states: "TrueBlue currently puts more than 840,000 people to work each year and partners with 130,000 companies around the world." Except as so admitted, the TrueBlue Defendants deny any remaining allegations of this paragraph.

4.16. Answering paragraph 4.16 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.17. Answering paragraph 4.17 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.18. Answering paragraph 4.18 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff was given various documents at the time he was hired, including a benefits summary document, but denies the allegations contained in paragraph 4.18 as an incomplete and necessarily inaccurate summary of the benefits summary document.

4.19. Answering paragraph 4.19 of Plaintiff's complaint, the TrueBlue Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the same.

4.20. Answering paragraph 4.20 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.21. Answering paragraph 4.21 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.22. Answering paragraph 4.22 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.23. Answering paragraph 4.23 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.24. Answering paragraph 4.24 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 4
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4.25. Answering paragraph 4.25 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.26. Answering paragraph 4.26 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.27. Answering paragraph 4.27 of Plaintiff's complaint, the TrueBlue Defendants admit that it had a system called "Ellis" but deny the remaining allegations contained in this paragraph as an incomplete and inaccurate summary.

4.28. Answering paragraph 4.28 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph, including that it an incomplete and therefore necessarily inaccurate summary.

4.29. Answering paragraph 4.29 of Plaintiff's complaint, the TrueBlue Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the same.

4.30. Answering paragraph 4.30 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and inaccurate summary.

4.31. Answering paragraph 4.31 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff worked on the "Prism" project. Except as so admitted, the TrueBlue Defendants deny the remaining allegations contained in this paragraph as an incomplete and inaccurate summary.

4.32. Answering paragraph 4.32 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff worked on the "Prism" project team. Except as so admitted, the TrueBlue Defendants deny the remaining allegations contained in this paragraph as an incomplete and inaccurate summary.

4.33. Answering paragraph 4.33 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and inaccurate

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 5
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

summary.

4.34. Answering paragraph 4.34 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and inaccurate summary.

4.35. Answering paragraph 4.35 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained therein.

4.36. Answering paragraph 4.36 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.37. Answering paragraph 4.37 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained therein.

4.38. Answering paragraph 4.38 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and therefore necessarily inaccurate summary of the Policy, the contents of which speaks for itself.

4.39. Answering paragraph 4.39 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and therefore necessarily inaccurate summary of the Policy, the contents of which speaks for itself.

4.40. Answering paragraph 4.40 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and therefore necessarily inaccurate summary of the Policy, the contents of which speaks for itself.

4.41. Answering paragraph 4.41 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph as an incomplete and therefore necessarily inaccurate summary of the Policy, the contents of which speaks for itself.

4.42. Answering paragraph 4.42 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained in this paragraph.

4.43. Answering paragraph 4.43 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations contained in this paragraph.

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 6
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

4.44. Answering paragraph 4.44 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff was classified as a Class 3 employee under the Policy and that Defendant TrueBlue directed that Plaintiff receive Class 3 benefits as provided in the Policy; except as so admitted, the TrueBlue Defendants deny the remaining allegations of the allegations contained in this paragraph.

4.45. Answering paragraph 4.45 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations contained in this paragraph.

4.46. Answering paragraph 4.46 of Plaintiff's complaint, the TrueBlue Defendants admit that TrueBlue, Inc. as a plan administrator of the TrueBlue, Inc. Plan has certain fiduciary duties under ERISA. The remaining allegations of this paragraph state a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, the TrueBlue Defendants deny the remaining allegations.

4.47. Answering paragraph 4.47 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations of this paragraph.

4.48. Answering paragraph 4.48 of Plaintiff's complaint, the TrueBlue Defendants admit that one of TrueBlue's corporate counsel responded on May 16, 2017, to Mr. Brady's request of April 26, 2017, and provided a copy of Mr. Brady's personnel file, which had separately been requested by Mr. Brady, and the relevant disability plan documents.

4.49. Answering paragraph 4.49 of Plaintiff's complaint, the TrueBlue Defendants denies the allegations of this paragraph.

4.50. Answering paragraph 4.50 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations of this paragraph.

4.51. Answering paragraph 4.51 of Plaintiff's complaint, the TrueBlue Defendants respond that TrueBlue provided Plaintiff with all applicable LTD plan documents as of May 16, 2017. There were no other applicable plan documents then in existence, such

DEFENDANTS TRUEBLUE, INC. PLAN'S AND
TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT - 7
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

as a wrap plan document, applicable to his request for LTD documents when Mr. Brady made his request on April 26, 2017, or when TrueBlue responded to his request on May 16, 2017. TrueBlue could not produce a document or documents that did not exist at the time requested. Except as so stated, TrueBlue Defendants deny any remaining allegations in this paragraph.

4.52. Answering paragraph 4.52 of Plaintiff's complaint, the TrueBlue Defendants admit that Mr. Brady's attorney corresponded with TrueBlue on several occasions, including a letter from Mr. Crawford to TrueBlue on July 17, 2017, and a letter on November 22, 2017, to both TrueBlue, Inc. and to Liberty Life Assurance Company of Boston, appealing the determination that Mr. Brady was a Class 3 employee. Except as so admitted, the TrueBlue Defendants deny any remaining allegations of this paragraph.

4.53. Answering paragraph 4.53 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.54. Answering paragraph 4.54 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.55. Answering paragraph 4.55 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.56. Answering paragraph 4.56 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.57. Answering paragraph 4.57 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.58. Answering paragraph 4.58 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.59. Answering paragraph 4.59 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.60. Answering paragraph 4.60 of Plaintiff's complaint, the TrueBlue

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 8
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

Defendants deny the allegations of this paragraph.

4.61. Answering paragraph 4.61 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.62. Answering paragraph 4.62 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.63. Answering paragraph 4.63 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.64. Answering paragraph 4.64 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff, through his counsel, sent a letter on November 22, 2017, to TrueBlue, Inc. and to Liberty Life Assurance Company of Boston, appealing the determination that Mr. Brady was a Class 3 employee. Except as so admitted, the TrueBlue Defendants deny any remaining allegations of this paragraph.

4.65. Answering paragraph 4.65 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.66. Answering paragraph 4.66 of Plaintiff's complaint, the TrueBlue Defendants admit that on or about January 4, 2018, Liberty Life advised Mr. Brady that his appeal was denied.

4.67. Answering paragraph 4.67 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

4.68. Answering paragraph 4.68 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations of this paragraph.

## 5. STATEMENT OF CLAIMS

### 5.1. Claim Under 29 U.S.C. § 1132(a)(1)(B).

5.1.1. Answering paragraph 5.1.1 of Plaintiff's complaint, the TrueBlue Defendants re-allege and incorporate by reference its responses to paragraphs 1.1 through 4.68 above.

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 9
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

5.1.2. Answering paragraph 5.1.2 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

5.1.3. Answering paragraph 5.1.3 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff seeks the relief as stated in this paragraph but denies he is entitled to the relief requested and denies any other allegations of this paragraph.

5.1.4. Answering paragraph 5.1.4 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff seeks declaratory relief as stated in this paragraph but denies he is entitled to the relief requested and denies any other allegations of this paragraph.

### 5.2. Claim Under 29 U.S.C. § 1132(a)(3).

5.2.1. Answering paragraph 5.2.1 of Plaintiff's complaint, the TrueBlue Defendants re-allege and incorporate by reference its responses to paragraphs 1.1 through 5.1.4 above.

5.2.2. Answering paragraph 5.2.2 of Plaintiff's complaint, the TrueBlue Defendants admit the allegations of this paragraph.

5.2.3. Answering paragraph 5.2.3 of Plaintiff's complaint, the allegations of this paragraph state a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, the TrueBlue Defendants deny the allegations.

5.2.4. Answering paragraph 5.2.4 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

5.2.5. Answering paragraph 5.2.5 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

5.2.6. Answering paragraph 5.2.6 of Plaintiff's complaint, the TrueBlue Defendants admit that Plaintiff seeks the relief as stated in this paragraph but denies he is entitled to the relief requested and denies any other allegations of this paragraph.

5.2.7. Answering paragraph 5.2.7 of Plaintiff's complaint, the allegations of this paragraph state a legal conclusion and, therefore, no answer is required. To the extent that an

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 10
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

answer is required, the TrueBlue Defendants deny the allegations.

### 5.3. Claim Under 29 U.S.C. § 1132(c)(1)(B).

5.3.1. Answering paragraph 5.3.1 of Plaintiff's complaint, the TrueBlue Defendants re-allege and incorporate by reference its responses to paragraphs 1.1 through 5.2.7 above.

5.3.2. Answering paragraph 5.3.2 of Plaintiff's complaint, the TrueBlue Defendants deny the allegations of this paragraph.

5.3.3. Answering paragraph 5.3.3 of Plaintiff's complaint, the allegations of this paragraph state a legal conclusion and, therefore, no answer is required. To the extent that an answer is required, the TrueBlue Defendants deny the allegations. The TrueBlue Defendants further deny that Plaintiff is entitled to the relief requested and denies any remaining allegations of this paragraph.

5.3.4. To the extent not otherwise answered above, the TrueBlue Defendants deny any remaining allegations of Plaintiff's Complaint.

### 6. PRAYER FOR RELIEF

Answering paragraphs 6.1 through 6.9 of Plaintiff's complaint, the TrueBlue Defendants deny that Plaintiff is entitled to the relief requested, any other relief whatsoever, and denies any other allegations of these paragraphs 6.1 through 6.9.

### AFFIRMATIVE AND OTHER DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, TrueBlue Defendants allege as follows:

1. With respect to some or all of Plaintiff's claims, TrueBlue Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

2. With respect to each of Plaintiff's claims, TrueBlue Defendants allege that at all times and places mentioned in Plaintiff's Complaint, Plaintiff failed to perform certain conditions precedent that were imposed upon Plaintiff by contract. The non-performance of

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 11
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

said conditions excused the TrueBlue Defendants' obligations under the contract and has given the answering TrueBlue Defendants the right of disaffirmance, rescission, and release; Plaintiff is, therefore, barred from recovery herein.

3. With respect to each of Plaintiff's claims, TrueBlue Defendants allege that the claims alleged against TrueBlue Defendants, in whole or in part, do not fall within the scope of the coverage or are barred by the terms, conditions, definitions, exclusions, and the limitations contained in the Policy issued by Defendant Liberty Life and/or in the TrueBlue Plan.

4. With respect to each of Plaintiff's claims, TrueBlue Defendants assert all limitations defenses based on the failure to make a claim or file suit within the limitations period in the Plan, Policy, or governing statutes.

5. Plaintiff's recovery, if any, against TrueBlue Defendants must be set off by all amounts appropriate for set off, including but not limited to, amounts previously paid to Plaintiff under the Policy and Plan at issue.

6. Plaintiff's damages, if any, were caused by the acts or omissions of third parties over which the TrueBlue Defendants had no control.

7. To the extent that Plaintiff's Complaint or some or all of Plaintiff's claims assert or attempt to assert state law or common law claims, such claims are preempted in their entirety by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq., as amended.

8. To the extent that Plaintiff's Complaint or some or all of Plaintiff's claims assert that the TrueBlue Defendants breached their fiduciary duties to Plaintiff, the challenged communications were made by agents who were not fiduciaries under ERISA and/or were not fiduciary communications.

9. To the extent that Plaintiff seeks benefits, monetary relief, or other relief for some or all of his claims, the TrueBlue Defendants as employer and/or fiduciary are not the

DEFENDANTS TRUEBLUE, INC. PLAN'S AND
TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT - 12
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

holder of the funds which Plaintiff seeks.

10. To the extent that Plaintiff seeks monetary or other relief for some or all of his claims, the relief sought by Plaintiff is not within the scope of equitable relief available to Plaintiff under ERISA.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered plaintiff's Complaint, the TrueBlue Defendants pray for relief as follows:

A. That Plaintiff takes nothing by his Complaint;

B. That Plaintiff's Complaint be dismissed with prejudice;

C. That the TrueBlue Defendants be awarded their costs, expenses, and reasonable attorneys' fees in defense of this action; and

D. That the Court grant the TrueBlue Defendants such other and further relief as the Court may deem is just and equitable.

DATED this 30th day of May, 2018.

*By: s/Nancy W. Anderson*
Nancy W. Anderson, WSBA No. 23031
Alyson L. Palmer, WSBA No. 46916
MILLER NASH GRAHAM & DUNN LLP
Pier 70, 2801 Alaskan Way Ste 300
Seattle, WA 98121-1128
Tel: (206) 624-8300
Fax: (206) 340-9599
Email: nancy.anderson@millernash.com
Email: alyson.palmer@millernash.com
*Attorneys for Defendants TrueBlue, Inc. Plan and TrueBlue, Inc.*

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 13
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

**CERTIFICATE OF SERVICE**

The undersigned declares: on the 30TH day of May, 2018, a copy of the foregoing document was served on counsel for Plaintiff and counsel for Defendant Liberty Life Assurance Company of Boston, via the court's CM/ECF system, at the address set forth below.

| | |
|---|---|
| Melton L. Crawford<br>Law Office of Mel Crawford<br>9425 35TH Ave NE, Ste C<br>Seattle, WA  98115<br>melcrawford@melcrawfordlaw.com<br>Counsel for Plaintiff | Stacy Tucker<br>Ropers Majeski Kohn & Bentley<br>800 5th Avenue Suite 4100<br>Seattle, WA • 98104<br>Stacy.Tucker@rmkb.com<br>Counsel for Liberty Assurance Co. of Boston |

I declare that the foregoing is true and correct.

Signed at Seattle, Washington this 30th day of May, 2018.

       *s/Nancy W. Anderson*
       Nancy W. Anderson, WSBA No. 23031
       Alyson L. Palmer, WSBA No. 46916
       MILLER NASH GRAHAM & DUNN LLP
       Pier 70, 2801 Alaskan Way Ste 300
       Seattle, WA  98121-1128
       Tel:  (206) 624-8300
       Fax:  (206) 340-9599
       Email: nancy.anderson@millernash.com
       Email: alyson.palmer@millernash.com
       *Attorneys for Defendants TrueBlue, Inc. Plan and TrueBlue, Inc.*

DEFENDANTS TRUEBLUE, INC. PLAN'S AND TRUEBLUE, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT - 14
4812-5689-7639.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121